SUMMERS, Justice.
Michael L. Herbert and Cleveland G. Williams were convicted of armed robbery on April 25, 1973. La.R.S. 14:64. Each was sentenced to imprisonment at hard labor for fifty years. Herbert relies upon a single bill of exceptions reserved to the overruling of his motion for a new trial. Williams urges no bills of exceptions or assignments of error, relying entirely upon unspecified errors patent on the face of the record.
Herbert’s motion for a new trial alleges that the court should order a new trial in this matter under Article 851(5) of the Code of Criminal Procedure in order *805 to further the ends of justice. That Article requires that, on motion of defendant, the court shall grant a new trial whenever “[t]he court is of the opinion that the ends of justice would be served by the granting of a new trial, although the defendant may not be entitled to a new trial as a matter of strict legal right.”
Other than the allegations referred to, there is nothing in the record to indicate the basis for the motion. In his per curi-am to the bill of exceptions reserved by the defendant to the overruling of the motion for a new trial the trial judge said:
“The evidence and testimony in this case clearly established beyond a reasonable doubt that the defendant was guilty of the crime charged. It is my opinion that there is no basis in law or fact or for any other reason to grant this defendant a new trial. He received a fair trial, was adequately represented and was found guilty by the jury. There was, in my opinion an overwhelming amount of testimony establishing guilt beyond a reasonable doubt upon which the jury could rely.”
Notwithstanding the fact that no such allegation is made in the motion for a new trial, in brief to this Court defense counsel argues that the ends of justice would be served by granting a new trial because Herbert is not of sound mind and understanding and was not so at the time of the commission of the crime. He asserts that defendant has been diagnosed as a paranoid schizophrenic and was a patient at East Louisiana State Hospital for the criminally insane from December 16, 1971 to August 21, 1972. To hold him responsible for his actions is a denial of due process, he argues.
These are the identical claims asserted by defendant prior to his trial in an application for a hearing to determine his mental condition to stand trial, and his mental condition at the time of the commission of the alleged offense. In response to that application, on January 5, 1973, the trial judge appointed Dr. H. E. Braden III and Dr. G. Usdin to constitute a lunacy commission to examine Herbert and report their findings to the court. After a lunacy commission hearing held on January 22, 1973, the trial judge found the defendant to be sane.
Aside from the fact that the motion for a new trial does not properly present the contention that defendant was mentally unsound, that contention has been adjudicated without objection, so far as this record reflects, and no bill of exceptions was timely reserved and perfected to the ruling.
Herbert’s contention is without merit.
Since Williams relies upon errors patent on the face of the record without pointing out wherein the error occurred, and because a review of the pleadings and proceedings fails to disclose any error, Williams’ appeal is without merit. La. Code Crim.Proc. art. 920.
For the reasons asigned, the convictions and sentences are affirmed.